**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**Case No.:**

KYLE O'CONNOR, individually and on behalf of all others similarly situated,

*Plaintiff,*

**CLASS ACTION**
**JURY TRIAL DEMANDED**

vs.

EASTWOOD AUTOMOTIVE GROUP, LLC,

*Defendant.*

______________________________________________/

## CLASS ACTION COMPLAINT

1. Plaintiff Kyle O'Connor ("Plaintiff") brings this action against Defendant Eastwood Automotive Group, LLC ("Defendant") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. Defendant develops, markets, and sells automotive accessories to customers throughout the United States.

4. To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers with no regards for consumers' rights under the TCPA, even after customers opt out from Defendant's telephonic sales calls.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Defendant is subject to specific personal jurisdiction in Connecticut because Defendant does business with consumers in Connecticut, including Plaintiff, and this suit arises out of and relates to Defendant's significant contacts with this State. Defendant initiated and directed, or caused to be initiated and directed, calls within Connecticut in violation of the TCPA. Plaintiff's claims for violation of the TCPA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's calls, which includes the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages to Plaintiff in Connecticut.

8. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction and because Defendant provides and markets its services within this District thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Connecticut and, on information and belief, Defendant has sent the same messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's

acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the State of Connecticut.

**PARTIES**

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Windsor, Connecticut.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole suscriber of the residential telephone number ending in 4428 (the "4428 Number") that received Defendant's telephonic sales calls.

11. Defendant is a Delaware company whose principal place of business is at 263 Shoemaker Road, Pottstown, PA 19464-6433.

12. Defendant directs, markets, and provides its business activities throughout United States and the State of Connecticut.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

14. Beginning in or around April 24, 2025, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 4428 (the "4428 Number"), from Defendant's 90546 number.

15. On or about May 13, 2025 Plaintiff to responded to Defendant's 90546 number with the message "STOP," using standard opt out language, in an attempt to opt-out of any further text message communications with Defendant:







16. Despite Plaintiff's unequivocal opt-out request, Defendant continued to bombard Plaintiff with more unwanted telemarketing text messages, beginning again on at least May 16, 2025, as shown above.

17. Defendant continued to bombard Plaintiff with further unwanted text messages through May, June, and July 2025, prompting Plaintiff to respond with additional opt out requests on or about June 5, 2025, June 18, 2025, June 19, 2025, June 20, 2025, as shown below. Each time, Plaintiff to responded to Defendant's 90546 number with the messages "STOP," using standard

opt out language, yet again, in an attempt to opt-out of any further text message communications with Defendant:







5:59
7%
90546
6/13/25
Text STOP to opt-out
Friday, Jun 13 • 11:16 AM
Eastwood: Father's Day ends soon! Last chance! Get $15 off $149+ & 54% off the Foam Cannon w/ code DADSDAY. https://sms.eastwood.com/mkwYbT
Text STOP to opt-out
Friday, Jun 13 • 5:03 PM
Eastwood: Need quality products for your project? Get it rolling with expert-tested tools: https://sms.eastwood.com/y4GnbQ
Text STOP to opt-out
Tuesday, Jun 17 • 8:31 AM
Eastwood: Gladius LED Worklight $29.97 - Save 53%! Order in 35 mins, no limit! Code: LIGHT https://sms.eastwood.com/Gfvtb9
Text STOP to opt-out
Wednesday, Jun 18 • 5:45 AM
Message 90546


5:59
7%
90546
6/18/25
Wednesday, Jun 18 • 5:45 AM
Stop
Thursday, Jun 19 • 11:30 AM
Eastwood: Need an airbrush for custom graphics?
> Get ours now at 50% off. Limited time only! https://sms.eastwood.com/HQcnbv
Text STOP to opt-out
Thursday, Jun 19 • 12:31 PM
Stop
Friday, Jun 20 • 11:32 AM
Eastwood: Your next paint job just got cheaper! 10% OFF paints in our Summer Kick-Off Sale. Don't miss out! https://sms.eastwood.com/KUiqbp
Text STOP to opt-out
Friday, Jun 20 • 3:33 PM
Stop
Tuesday, Jun 24 • 12:16 PM
Eastwood: Save 10% on $199+
Message 90546




18. Further, in an abundance of caution, Plaintiff also emailed Defendant directly, sending an email on June 20, 2025 to Defendant's email address, help@eastwood.com, stating, "Hello i am trying to opt out text notifications. I text stop but it does not send. Please remove my number 8607164428."

19. That same day, Defendant responded, informing Plaintiff that: "We are reaching out to confirm that we have received your request to be removed from our marketing list. Please allow 24 business hours for the update to take place in our system. You can still expect to receive emails requesting reviews for your direct interactions with Eastwood, or in reference to products

that you purchase. If you receive any further marketing emails, please do contact us. We are available from Monday to Friday, between 9:00 AM and 6:00 PM EST at 1 (800) 343-9353. Thank you for choosing Eastwood." A copy of this email correspondence is attached hereto as **Exhibit A**.

20. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

21. As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's telephone solicitations by telling Defendant not to contact him anymore (via text and email), but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

22. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

23. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

24. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's "stop" opt-out instructions as well as Plaintiff's explicit email opt-out instructions and Defendant's subsequent confirmation of Plaintiff's opt out.

25. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

26. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

27. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages for over two months.

28. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

29. Indeed Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

30. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

31. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's automobile accessories.

32. The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

33. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

34. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

35. Defendant sent the subject texts to Plaintiff in this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

36. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

37. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that extent was expressly revoked on at least May 13, 2025, when Plaintiff responded to Defendant with the message "STOP."

38. Plaintiff is the subscriber and sole user of the 4428 Number and is financially responsible for phone service to the 4428 Number.

39. Plaintiff's 4428 Number is his residential number which he uses for personal purposes.

40. The text messages originated from telephone number 90546, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

41. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

42. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

43. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

44. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

45. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

46. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's residential telephone number *after* making a request to Defendant to not receive future text messages.**

47. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in each Class, but believes the Class members number in the several thousands, if not more.

48. Also excluded from the Class are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

### NUMEROSITY

49. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Texas without their prior express written consent and/or after they had requested to opt-out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

50. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

51. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

[2] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[3] Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

[5] Whether Defendant keeps records of text recipients who revoked consent to receive texts;

[6] Whether Defendant has any written policies for maintaining an internal do not call list

[7] Whether Defendant's conduct was knowing and willful; and

[8] Whether Defendant is liable for damages, and the amount of such damages.

52. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls to consumers after they had requested to be opted out and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

53. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

54. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

55. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

56. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c)(2)**
**(Individually and on behalf of the National Internal Do Not Call Class)**

57. Plaintiff re-alleges and incorporates paragraphs 1-56 as if fully set forth herein.

58. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

59. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

60. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

61. Plaintiff and the National Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

62. Defendant failed to honor Plaintiff and the National Internal Do Not Call Class members' requests.

63. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

64. Because Plaintiff and the National Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

65. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the National Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

66. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the National Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

67. Plaintiff and the National Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

68. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: August 18, 2025

Respectfully Submitted,

**REARDON SCANLON LLP**

*/s/ James J. Reardon, Jr.*
James J. Reardon, Jr. (ct13802)
james.reardon@reardonscanlon.com
45 South Main Street, 3rd Floor
West Hartford, CT 06107
Tel.: (860) 955-9455
Fax: (860) 920-5242

**SHAMIS & GENTILE P.A.**
*/s/ Kayla N. Kershen*
Kayla N. Kershen, Esq.*
kkershen@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Tel.: 305-479-2299

* *pro hac vice forthcoming*

*Counsel for Plaintiff and the Class.*

# EXHIBIT A

CS **Customer Support** June 20, 2025 at 5:36 PM
Re: Opt out text
To: koconnor6148@hotmail.com

Hello Kyle,

We are reaching out to confirm that we have received your request to be removed from our marketing list. Please allow 24 business hours for the update to take place in our system.

You can still expect to receive emails requesting reviews for your direct interactions with Eastwood, or in reference to products that you purchase.

If you receive any further marketing emails, please do contact us. We are available from Monday to Friday, between 9:00 AM and 6:00 PM EST at 1 (800) 343-9353.

Thank you for choosing Eastwood.

Andre'a D.
Customer Solutions Specialist

Positive reviews from awesome customers like you help other automotive enthusiasts to feel confident about choosing Eastwood.

*Would you mind taking 60 seconds to leave us a review about my service and share your happy experiences?*
Don't forget to mention me! (Andrea D.)

Google- https://g.page/r/CbC-3hh8i2NQEB0/review
Facebook- https://m.facebook.com/pg/eastwoodcompany/reviews/
Yelp- https://www.yelp.com/biz/eastwood-automotive-tools-pottstown-4
Sitejabber- https://www.sitejabber.com/reviews/eastwood.com

Eastwood

> On Fri, Jun 20, 2025 at 7:52 PM <help@eastwood.com> wrote:
>
> Hello Kyle
>
> Thank you for contacting Eastwood. You can expect to receive a response within 24 to 48 business hours.
>
> If you require a quicker response, we can also be reached by phone at 1-800-343-9353. Our normal business hours are Monday - Friday, 9 am - 6pm EST.
>
> Thank you!
>
> On Fri, Jun 20, 2025 at 7:52 PM <koconnor6148@hotmail.com> wrote:
>
> > Hello i am trying to opt out text notifications. I text stop but it does not send. Please remove my number 8607164428
> >
> > Thanks
> > Kyle
> >
> > Get Outlook for Androidhttps://aka.ms/AAb9ysg